1  PATRICIA L. PEDEN (CA SBN 206440)
   Email: ppeden@bwslaw.com
2  KRISTIN E. CHARBONNIER (CA SBN 294919)
   Email: kcharbonnier@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   1999 Harrison Street, Suite 1650
4  Oakland, CA  94612-3520
   Tel:  510.273.8780     Fax:  510.839.9104

Attorneys for Defendant and Cross-Complainant
BRUNSWICK CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN re UBS FINANCIAL SERVICES, INC. SUBPOENA | Case No.:<br><br>**BRUNSWICK CORPORATION'S MOTION TO COMPEL UBS SUBPOENA AND FOR FINDING OF CONTEMPT – NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        TBD<br>Time:       TBD<br>Courtroom: TBD<br><br>Judge:      TBD |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ......................................................................................................... 1
II. FACTS .......................................................................................................................... 2
III. LEGAL ARGUMENT .................................................................................................. 3
    A. The Documents Sought are Relevant, Necessary and Proportional to the Needs of the Case ............................................................................................. 3
    B. UBS Did Not Object to the Subpoena ............................................................. 4
    C. It is Improper for UBS to Withhold Documents on the Basis of Opposing Counsel's Objections ....................................................................................... 5
        1. Opposing Counsel Does Not Have Standing to Assert Non-Privilege Objections ........................................................................... 5
        2. Opposing Counsel's Privacy and Confidentiality Objections Provide No Basis to Withhold Documents .................................................. 6
        3. Opposing Counsel's Privilege Objection Provide No Basis to Withhold Documents ........................................................................ 6
IV. CONCLUSION ............................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Chevron Corp. v. Pennzoil Co.*,
  974 F.2d 1156 (9th Cir. 1992) ................................................................................................ 7

*In re Grand Jury Proc.*,
  33 F.3d 1060 (9th Cir. 1994) .................................................................................................. 7

*Lewis v. United States*,
  517 F.2d 236 (9th Cir.1975) ................................................................................................... 7

*Pac. Coast Surgical Ctr., L.P. v. Scottsdale Ins. Co.*,
  No. 2:19-CV-03904-PSG (KSX), 2019 WL 4267764 (C.D. Cal. July 31, 2019) ................. 2

*Real v. Continental Group, Inc.*
  116 F.R.D. 211 (N.D. Cal. 1986) ........................................................................................... 7

*In re Sterling*,
  97 F.2d 505 (9th Cir. 1938) .................................................................................................... 3

*Towe Antique Ford Found. v. I.R.S.*,
  999 F.2d 1387 (9th Cir. 1993) ................................................................................................ 4

*Wells Fargo & Co. v. ABD Ins.*,
  No. C 12-03856 PJH DMR, 2012 WL 6115612 (N.D. Cal. Dec. 10, 2012) ......................... 5

*Wolfe v. United States*,
  798 F.2d 1241 (9th Cir.) ......................................................................................................... 3

**State Cases**

*Associated Vendors, Inc. v. Oakland Meat Co.*
  (1962) 210 Cal.App.2d 825 .................................................................................................... 4

*D.I. Chadbourne, Inc. v. Superior Ct. of City & Cty. Of San Francisco*
  60 Cal.2d 723 (1964) ............................................................................................................. 7

**State Statutes**

Cal. Evid. Code §912 ..................................................................................................................... 7

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

- ii -

DEFENDANT BRUNSWICK CORPORATION'S MOTION TO COMPEL

**Rules**

Federal Rules of Civil Procedure
    Rule 45 ..................................................................................................................1, 8
    Rule 45(d)(2)(B)(i)........................................................................................................1
    Rule 45(d)(B) ................................................................................................................4
    Rule 45(g) .....................................................................................................................1

**TO THIRD PARTY UBS FINANCIAL SERVICES, INC. AND ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**: Defendant and Counterclaimant Brunswick Corporation ("Brunswick") will move and hereby does move pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i) and 45(g) to compel its subpoena against third party UBS Financial Services, Inc. ("UBS") and for a finding of contempt at the first available hearing date. Brunswick will provide notice to UBS and all parties and their respective counsel of record when the date, time and location of the hearing is known. This motion is based on the following points and authorities, Brunswick's concurrently filed request for judicial notice and exhibits thereto, the concurrently filed declaration of Kristin Charbonnier and exhibits thereto, Brunswick's reply brief, and any argument that may be presented at the hearing on this motion.

Through this motion, Brunswick seeks an order directing UBS to comply with the subpoena within 14 days, a finding of contempt against UBS, and leave for Brunswick to file a motion for fees and costs.

**I.      INTRODUCTION**

Brunswick Corporation ("Brunswick") hereby moves for an order compelling production of documents pursuant to Federal Rules of Civil Procedure 45(d)(2)(B)(i) and for a finding of contempt under Federal Rules of Civil Procedure 45(g).

Brunswick served a valid subpoena to UBS. UBS did not object to the subpoena. Instead, UBS agreed to produce documents on a rolling basis through December 2022. Thereafter, parties Nextpulse and Thomas Proulx, and another third party, the Proulx Trusts, contacted UBS to object to the production. UBS changed position, insisting that opposing counsel must agree to the production before UBS is obligated to comply. Fed. R. Civ. P. 45 provides no such authority. UBS has ignored its legal obligations.

Although UBS's position has no footing in the rules or law, Brunswick nonetheless sought to reach a compromise with opposing counsel to avoid motion practice. Brunswick conferred at length about non-privilege objections that opposing counsel lacks standing to assert. With respect to privilege, opposing counsel conceded its objections were mere placeholders, and that it had no knowledge that privileged documents exist. Indeed, UBS is a bank, not a law firm;

communications between non-lawyers and UBS are not attorney-client communications and UBS's commercial documents are not attorney work product. In the unlikely event that a privileged document was found, Brunswick agreed to a procedure to protect privilege. The third party Proulx Trusts agreed to Brunswick's proposed procedure, but Nextpulse/Proulx would not agree. The meet and confer reached an impasse.

Despite Brunswick's efforts, UBS still will not produce documents without opposing counsel's approval, contrary to all authority. "It is well established that a party's objection does not relieve a third-party witness of its obligation to comply with a Subpoena." *Pac. Coast Surgical Ctr., L.P. v. Scottsdale Ins. Co.*, No. 2:19-CV-03904-PSG (KSX), 2019 WL 4267764, at *6 (C.D. Cal. July 31, 2019), citing *Moon v SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. Dec. 7, 2005). Because UBS's position lacks any legal merit, it is in contempt of the subpoena.[1]

## II.  **FACTS**

On October 26, 2022 Brunswick Corporation ("Brunswick") served a subpoena for production of documents on UBS. (Charbonnier Decl. Ex. 1).

Brunswick made every effort to limit any burden to UBS as a non-party. Brunswick prepared two specifically targeted document requests and provided ample time to respond. The production due date was December 1, 2022. UBS's objections were due November 9, 2022. UBS did not serve objections to the subpoena at any time.

On November 4, UBS reached out to counsel for Brunswick. UBS indicated that it would begin efforts to collect the responsive documents, and asked to produce the documents on a rolling basis. Brunswick granted the accommodation.

On November 7 and November 9, cross-plaintiffs Nextpulse, Inc. and Thomas Proulx, and third parties Proulx Children's Trust, Audrey Virginia Proulx Trust and Ian Forrest Seth Proulx Trust (collectively "the Proulx Trusts") served objections to the subpoenas. Counsel for Nextpulse, Proulx and the Proulx Trusts are referred to collectively as "Opposing Counsel."

On November 14, UBS advised Brunswick that it was pausing work on the subpoena

---

[1] Should the Court agree, Brunswick anticipates filing a motion to recover the fees and costs associated with prolonged meet and confer and motion practice.

1  pending receipt of a court order ruling on Opposing Counsel's objections or a stipulation signed
2  by the parties.

3  On November 16, Brunswick asked UBS to resume collecting documents. Brunswick
4  advised UBS that it was in the process of meeting and conferring with Opposing Counsel and had
5  learned that counsel had made a placeholder objection for attorney-client and work-product
6  privileged materials. Brunswick advised that it would work with counsel to obtain a list of
7  relevant counsel's name and would provide that list to UBS.

8  On November 29, 2022, Brunswick wrote to UBS to confirm that UBS was in the process
9  of collecting documents and proposed another solution to address Opposing Counsel's privilege
10 objection. Those documents for which all senders and recipients are known, and none are
11 attorneys, should be produced. Documents with unknown authors or recipients could be
12 withheld, as long as UBS provided a list of those unknown names. The same day, UBS responded
13 that it was in the process of collecting the records and that it was going to reach out to Opposing
14 Counsel before proceeding.

15 On December 14, 2022, Brunswick wrote to UBS to: (1) provide its position and authority
16 as to why Opposing Counsel's objections were without basis, (2) offer yet another solution, that
17 Brunswick would sequester the documents after receiving them, provide the documents to
18 Opposing Counsel, and allowing them to identify privileged documents for return, and (3)
19 advising that procedurally any necessary motion to compel would need to be brought against
20 UBS. The Proulx Trusts accepted Brunswick's proposal. (Charbonnier Decl. Ex. 3). UBS stated
21 no position, and Nextpulse/Proulx maintained its objections.

**III.   LEGAL ARGUMENT**

**A.   The Documents Sought are Relevant, Necessary and Proportional to the Needs of the Case**

California law is clear: a legal entity owned and dominated by one man is his "alter ego." *In re Sterling*, 97 F.2d 505, 505 (9th Cir. 1938); *see also Wolfe v. United States*, 798 F.2d 1241, 1243 (9th Cir.), opinion amended on denial of reh'g, 806 F.2d 1410 (9th Cir. 1986)(corporation dominated by its owner can be disregarded under the alter ego doctrine). The 9th Circuit has

found the following factors relevant to alter ego: (1) position of control or authority over the entity; (2) control over the entity's actions without need to consult others; (3) use of entity to shield himself from personal liability; (4) use of business entity for his or her own financial benefit; (5) mingling of individual's affairs in the affairs of the business entity; (6) Whether the individual uses the business entity to assume his own debts, or the debts of another, or whether the individual uses his own funds to pay the business entity's debts. *See Towe Antique Ford Found. v. I.R.S.*, 999 F.2d 1387, 1391 (9th Cir. 1993); *Associated Vendors, Inc. v. Oakland Meat Co.* (1962) 210 Cal.App.2d 825, 838–840 (similar alter ego factors considered in California).

Brunswick pleads that Thomas Proulx is the alter ego of plaintiff Nextpulse. Proulx dominates and controls Nextpulse. Proulx is the sole officer at Nextpulse and he provides all resources needed to operate Nextpulse "business" – which amounts to nothing more than holding illiquid assets and suing Brunswick. (Request for Judicial Notice ("RJN") Ex. 1 at ¶105).

Brunswick must be permitted alter ego discovery to reach a fair resolution of this case. Brunswick incurred significant damages, which it seeks to recover in cross-claims against Nextpulse and Proulx. Brunswick pleads that Nextpulse was intentionally underfunded to deprive Brunswick of recovery for those cross-claims. (*Id.* at ¶106).

The documents sought in the UBS subpoena are expected to reflect payments made by Proulx/Proulx-controlled trusts for Nextpulse' legal expenses. The payments are evidence of Proulx's control over Nextpulse. They will show the use of Proulx's personal funds to pay Nextpulse's expenses and debts. The payments also support Brunswick's claim that Nextpulse's sole reason for existing and Proulx's goal — litigation against Brunswick — are inextricably linked. In summary, the documents requested the go to the heart of Brunswick's alter ego claim against Proulx.

**B.     UBS Did Not Object to the Subpoena**

If UBS had objections to the subpoena, it was required to serve those objections no later than 14 days after service of the subpoena. FRCP 45(d)(B). UBS did not serve objections. Instead, it wrote to advise it would comply. UBS is withholding documents on the basis of opposing counsel's objections only. As discussed below, opposing counsel's objections are

meritless. Moreover, they are not proper grounds for UBS to refuse to comply with a valid subpoena.

### C. It is Improper for UBS to Withhold Documents on the Basis of Opposing Counsel's Objections

#### 1. *Opposing Counsel Does Not Have Standing to Assert Non-Privilege Objections*

Nextpulse, Proulx and the Proulx Trusts do not have standing to make non-privilege objections. A party's objection that a subpoena to a non-party seeks irrelevant information or would impose an undue burden are not grounds on which a party has standing to move to quash a subpoena when the non-party has not objected. *Wells Fargo & Co. v. ABD Ins.*, No. C 12-03856 PJH DMR, 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012) ("A party's objection that a subpoena to a non-party seeks irrelevant information or would impose an undue burden are not grounds on which a party has standing to move to quash a subpoena when the non-party has not objected.").

In addition to the parties' lack of standing, Opposing Counsel's objections are meritless. The objections are addressed below for completeness although irrelevant. None of the following objections have been made by UBS, the subpoena recipient.

**Objections to form of the request and definitions**: During meet and confer, counsel for the Proulx Trusts clarified that its overly broad objection related to the definition of "concerning." Nextpulse and Proulx objected to the definition of "documents reflecting" arguing that the phrase is overly broad, ambiguous and uncertain. Nextpulse and Proulx also objected on the grounds that the requests were "overly broad," "vague," "unduly burdensome" and "failed to identify documents sought with reasonable particularity."

However, the definitions and form of the requests have posed no challenge for UBS, who stated it would provide "copies of checks, wires and letters of authorizations relating to any transactions that Thomas may have made to the entities listed in the subpoena on behalf of Nextpulse inc." (Charbonnier Decl. Ex. 2).

**Relevance**: Nextpulse/Proulx have no standing to object to this subpoena on relevance grounds; each reserves its relevance objections for trial.

1  Brunswick and Nextpulse/Proulx disagree about whether the documents sought are
relevant to Brunswick's claim that Proulx is the alter ego of Nextpulse. (Charbonnier Decl. Ex. 4).

Moreover, Nextpulse/Proulx relevance objection are entirely unsupported. The requests seek relevant documents.  As stated above, the documents at issue will reflect payments made by Proulx/Proulx-controlled trusts for Nextpulse's legal expenses. They are directly relevant to Brunswick's alter ego claim against Proulx, which alleges that Proulx dominates and controls Nextpulse to such an extent that Nextpulse as a legal entity should be disregarded.

Brunswick understands the Proulx Trusts' relevance objection has been resolved via meet and confer. Counsel for the Proulx Trusts requested information regarding Brunswick's pleaded alter ego claims against Mr. Proulx, and Brunswick provided that information.

    2.    *Opposing Counsel's Privacy and Confidentiality Objections Provide No Basis to Withhold Documents*

Nextpulse/Proulx and the Proulx Trusts objected on financial privacy grounds.  The Proulx Trusts agreed that the presence of a protective order with an Outside Attorneys' Eyes Only designation would render these objections moot.  Nextpulse/Proulx maintain its objection.

Nextpulse/Proulx's confidentiality objection provides no basis to withhold the documents. The California Superior Court has already overruled Proulx's financial privacy objection, ordering production of documents and communications showing any contribution or loan to Nextpulse or Netpulse made by Proulx or any business or trust over which Proulx has effective control. (RJN Ex. 2) Moreover, UBS can utilize the Confidential and/or Highly Confidential – Outside Attorneys Eyes' Only designations permitted third parties under the Amended Protective Order as conceded by the Proulx Trusts. (RJN Ex. 3; Charbonnier Decl. Ex. 3 at p. 4 (Privacy)).

    3.    *Opposing Counsel's Privilege Objection Provide No Basis to Withhold Documents*

Nextpulse/Proulx and the Proulx Trusts asserted a placeholder privilege objection. The Proulx Trusts conceded that it has not identified responsive, privileged documents, and Nextpulse/Proulx have not discussed the presence or absence of privileged documents with UBS.

1 During meet and confer, all objecting parties acknowledged that it is unlikely that UBS holds
2 Nextpulse/Proulx/Proulx Trusts' privileged materials. UBS is not a law firm, and its employees
3 are not attorneys. Their communications and documents are not attorney-client communications.

4       To the extent NP/Proulx was in possession of an otherwise privileged communication, the
5 act of sharing it with UBS a third party, would waive any existent privilege. Voluntary disclosure
6 of a privileged attorney communication to a third party constitutes waiver of privilege. *Chevron*
7 *Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). California law reaches the same
8 conclusion. *Lewis v. United States*, 517 F.2d 236, 237 (9th Cir.1975) ("In determining the federal
9 law of privilege in a federal question case, absent a controlling statute, a federal court may
10 consider state privilege law. But the rule ultimately adopted, whatever its substance, is not state
11 law but federal common law."). "[T]he right of any person to claim a privilege . . . is waived with
12 respect to a communication protected by the privilege if any holder of the privilege, without
13 coercion, has disclosed a significant part of the communication or has consented to disclosure
14 made by anyone." Cal. Evid. Code §912; *D.I. Chadbourne, Inc. v. Superior Ct. of City & Cty. Of*
15 *San Francisco* 60 Cal.2d 723, 735 (1964) (when a client shares privileged communications with
16 persons who do not share the same legal interest, privilege is waived.).

17       The timing of payments between customer and back is also not attorney work-product.
18 The amount and timing of payments for legal fees are not privileged. *In re Grand Jury Proc.*, 33
19 F.3d 1060, 1063 (9th Cir. 1994) ("Information regarding the fee arrangement is ordinarily not part
20 of the subject matter of the professional consulting and therefore is not privileged communication
21 . . ."); *Real v. Continental Group, Inc.* 116 F.R.D. 211, 2013-14 (N.D. Cal. 1986)(billing
22 statements and records are generally not privileged). Commercial documents are not materials
23 prepared by counsel to prepare for trial. Any claim to the contrary is frivolous.

24       Though Opposing Counsel's privilege objections are facially invalid, Brunswick
25 nonetheless made fulsome efforts to address Opposing Counsel's stated concerns. On November
26 19, Brunswick asked Opposing Counsel to provide a list of relevant attorneys to share with UBS.
27 Opposing Counsel has not provided the requested information. Brunswick provided another
28 solution on November 30—UBS could produce the documents where the senders and recipients

- 7 -

1  were known and none are attorneys, and hold documents with unknown authors or recipients.
2  Brunswick requested a list of unknown names to confer with opposing counsel. Brunswick
3  provided a final compromise on December 12—Brunswick would sequester the documents after
4  receiving them, provide the documents to Opposing Counsel, and allowing them to identify
5  privileged documents for return.  The Proulx Trusts accepted Brunswick's proposal. (Charbonnier
6  Decl. Ex. 3).

7        Neither UBS nor Nextpulse/Proulx have identified a single responsive privileged
8  document.  Indeed, documents in UBS's possession will not contain the parties' privileged
9  materials because disclosure to UBS would have waived any existent privilege.  *See supra* p. 7.
10 Moreover, in the unlikely event that UBS holds Nextpulse/Proulx or the Proulx Trusts privileged
11 information, Brunswick has offered three reasonable solutions to address any legitimate privilege
12 concerns.  Opposing counsel's lack of concern (and complete silence) with respect to
13 Brunswick's three proposals suggests that the privilege objection is merely aimed at preventing
14 Brunswick from obtaining the documents.

15       In the remote event that a document exchanged with UBS (a non-lawyer) could be
16 privileged, it still does not justify non-compliance.  Rule 45 provides for withholding privilege
17 documents and a privilege log.  If, however unlikely, a privilege document is found in the
18 responsive documents, the privileged document alone can be withheld and logged.  The fanciful
19 prospect of a potentially privileged document does not permit UBS to withhold documents or
20 refuse to comply with the subpoena.

21 **IV.**   **CONCLUSION**

22       Brunswick served a valid subpoena designed to minimize burden to UBS.  UBS has never
23 objected to the subpoena. Though not required, Brunswick devoted significant time, effort and
24 expense to resolving party objections, to further limit burden to UBS.

25       UBS has taken the position that it will only produce documents upon agreement of the
26 parties or receipt of a Court order.  Brunswick was able to reach resolution with the Proulx Trusts.
27 Despite Brunswick's extraordinary efforts, it could not secure Nextpulse/Proulx's agreement. A
28 court order is now needed.

1  Brunswick respectfully requests an order directing UBS to comply with the subpoena
2  within 14 days, making a finding of contempt against UBS, and granting leave for Brunswick to
3  file a motion for fees and costs.

Dated: January 4, 2023

BURKE, WILLIAMS & SORENSEN, LLP

By: *[signature: Kristin Charbonnier]*
Patricia L. Peden
Kristin E. Charbonnier
Attorneys for Defendant